UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KISS,

                Plaintiff,

-against-

JANET KENNY and DEBBIE RUBIN,

                Defendants.

22-CV-10663 (CS)

ORDER

---

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the court's diversity of citizenship jurisdiction, asserting a state-law conversion claim against Defendants. By order dated January 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP) – that is, without prepayment of fees.

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    But Plaintiff has not provided addresses for the residences of either Defendant. To allow Plaintiff to effect service on Defendants Janet Kenny and Debbie Rubin through the U.S. Marshals Service, Plaintiff is directed to send a letter to the Court, no later than February 17,

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

2023, with the addresses where Defendants may be served.  Upon receipt of that information, the Court will direct the issuance of summonses and service by the Marshals Service.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 20, 2023
         White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge