UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DANIEL KISS,

                      Plaintiff,

-against-

JANET KENNY, DEBRA RUBIN,

                      Defendants.

----------------------------------------------------------X

**ORDER**

22 Civ. 10663 (CS)(JCM)

Presently before the Court is *pro se* Plaintiff Daniel Kiss' ("Plaintiff") May 12, 2025 letter requesting that his deposition be conducted remotely for mental health reasons. (Docket No. 86). On May 13, 2025, Defendant Janet Kenny ("Kenny") opposed the request and asked for monetary sanctions for the canceled deposition. (Docket No. 87). Plaintiff replied on May 13, 2025, reiterating his request and offering to provide medical evidence. (Docket No. 88). On May 14, 2025, the Court denied the application without prejudice and directed Plaintiff to provide medical evidence to support his request by May 23, 2025, if he wished the Court to reconsider. (Docket No. 89). On May 21, 2025, Plaintiff provided an additional letter to support his request and attached portions of his medical records. (Docket No. 90). On May 22, 2025, Defendant Kenny opposed the request again and asked for monetary sanctions. (Docket No. 91). For the following reasons, both requests are denied.

**I.    REMOTE DEPOSITION**

Plaintiff seeks an order directing Defendants to take his deposition by videoconference given his depression and generalized anxiety disorder. (Docket Nos. 86, 90). Defendant Kenny opposes the request, complaining of Plaintiff's "11th hour application," credibility issues, and lack of medical evidence to support the need for a remote deposition. (Docket Nos. 87, 91).

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014) (citation omitted). While the party noticing the deposition can usually choose the location, under Rule 26(c), the Court has discretion to "determine how and where a deposition should take place." *Rohan v. Simon Mgmt. Assocs., LLC*, 24-CV-04042 (SJB)(JMW), 2025 WL 1047739, at *1 (E.D.N.Y. Mar. 22, 2025). "The same is true for determining whether the deposition should be in person or remote." *Id.* "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . . , the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts." *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (citation omitted).

Furthermore, "[f]or a party to have the deposition conducted remotely, ordinarily the application must contain more than a conclusory statement for such relief." *Rohan*, 2025 WL 1047739, at *2 (citation omitted) (finding plaintiff's statement about her medical condition unsupported by medical records). Plaintiff has not supported his need for a remote deposition with sufficient evidence, and the "hardships articulated are not, in this Court's view, sufficient to overcome the noticing party's right to conduct the deposition in person if that's the chosen path." *Stapleton v. Prince Carpentry, Inc.*, 22-cv-004044 (JS)(JMW), 2023 WL 1785547, at *1 (E.D.N.Y. Feb. 6, 2023) (finding plaintiff did not sufficiently support his application for a remote deposition due to the risks of Covid). "Courts in this District have 'long enunciated the policy of requiring a . . . plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances.'" *Cerco Bridge Loans 6 LLC v. Schenker*, 23 Civ.

11093 (DEH), 2024 WL 4165128, at *1 (S.D.N.Y. July 16, 2024) (citation omitted) (denying plaintiff's motion to quash where plaintiff failed to explain why an in-person deposition would create an unnecessary hardship and plaintiff had previously consented to an in-person deposition). To support his request, Plaintiff shares records from his psychiatrist from May 2025, which support his claim that he suffers from "generalized anxiety disorder." (Docket No. 90). However, the records are silent regarding Plaintiff's alleged need for a remote deposition or any possible harm he would sustain from attending an in-person deposition. (*See id.*). Plaintiff also submits excerpts of his mental health records from 2020 through 2024 and a portion of a letter from the Social Security Administration confirming his disability status. (Docket Nos. 90-2, 90-3). None of these records articulate a need for a remote deposition or sufficiently demonstrate the hardship Plaintiff would suffer from attending an in-person deposition. (*See id.*). Plaintiff's conclusory statement that his anxiety would "directly affect [his] ability to participate in an in-person deposition," (Docket No. 90 at 1), is insufficient. *See Rohan*, 2025 WL 1047739, at *2 (citation omitted).

Moreover, while remote depositions have become more common in recent years, "district courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness." *United States v. M/Y Amadea*, 23 Civ. 9304 (DEH), 2024 WL 4799887, at *5 (S.D.N.Y. Nov. 15, 2024) (citation omitted) (finding an in-person deposition appropriate for a witness whose credibility was a "matter of critical importance"). In her opposition, Defendant Kenny stated, "Mr. Kiss' credibility is a significant issue as his conversion claim, and the inventory and value of the items that he alleges were taken, are based on his word alone." (Docket No. 87 at 2). The Court agrees that Plaintiff is the key (and only) witness able to support his claims of conversion and the

valuation of his damages. As a key witness, Plaintiff's credibility is a "matter of critical importance" that necessitates an in-person deposition. *M/Y Amadea*, 2024 WL 4799887, at *5. Thus, the Court finds that Defendants' claims of prejudice outweigh Plaintiff's claim of hardship.

Accordingly, the Court denies Plaintiff's request for a remote deposition.

## II. REQUEST FOR SANCTIONS

Defendant Kenny asks the Court to direct Plaintiff to reimburse her for the cost of a potential "bust fee" for the canceled deposition. (Docket No. 87 at 2; Docket No. 91 at 2). At no point does Defendant Kenny state that the court reporting company actually did charge a fee for the cancelation. (*See generally* Docket Nos. 87, 91). As previously stated, (Docket No. 85), Courts regularly decline to issue monetary sanctions against a litigant, such as Plaintiff, who filed a lawsuit *in forma pauperis*. *See Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) (citation omitted); *see also Baez v. Kennedy Child Study Ctr.,* No. 11 Civ. 7635 (JMF), 2013 WL 705913, at *2 (S.D.N.Y. Feb. 27, 2013) (collecting cases) (considering plaintiff's *pro se* and *in forma pauperis* status); *Cadet v. All. Nursing Staffing of New York, Inc.,* 21 Civ. 3994 (KPF), 2024 WL 81487, at *12 (S.D.N.Y. Jan. 8, 2024), *appeal dismissed,* 24-315, 2024 WL 5392746 (2d Cir. June 18, 2024) (citations omitted) (same). There is no indication that Plaintiff has excessively tried to thwart the deposition process or that Defendant Kenny incurred any actual costs from the canceled deposition. Accordingly, sanctions are not warranted here.

## III. CONCLUSION

Accordingly, the Court denies the parties' applications. Plaintiff must attend his deposition in-person on a date convenient to all parties. Defendant Kenny's request for sanctions is denied. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:  May 29, 2025
        White Plains, New York

**SO ORDERED:**

*[signature]*

JUDITH C. McCARTHY
United States Magistrate Judge