UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KISS,

Plaintiff,

-against-

JANET KENNY and DEBRA RUBIN,

Defendants.

22-CV-10663 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

At the proceeding on July 8, 2026, Plaintiff requested the appointment of counsel. For the following reasons, Plaintiff's application is granted to the extent that the Court will request volunteer counsel.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer lawyer time for those

litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously" *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

On the record at the July 8, 2026 bench ruling, Plaintiff requested the appointment of counsel for the remainder of the case. Plaintiff previously filed a Request to Proceed IFP, which the Court granted. (*See* ECF No. 5.) Plaintiff therefore qualifies as indigent.

Plaintiff originally advanced a number of claims, one of which – a conversion claim – has survived motions to dismiss and motions for summary judgment. That claim arises from Plaintiff's previous work as a caretaker for Jules Kenny, the father of Defendant Janet Kenny and

the stepfather of Defendant Debra Rubin. Plaintiff alleges that when Jules Kenny passed away and Defendants had him removed from the residence, they refused to allow him to collect his belongings. He now asserts a conversion claim seeking to recover the value of these belongings, which allegedly included gold bars, documents, furniture, tools and various personal items, as well as a piece of paper on which he had written the code to access three Bitcoin.

Given that Plaintiff's conversion claim survived Defendants' motion for summary judgment, the Court finds that this claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff lacks the resources and ability to properly prepare for a trial, which is currently scheduled for December of 2026. Further, Defendants have expressed a willingness to discuss the possibility of settlement, and counsel would assist Plaintiff in that process. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

**CONCLUSION**

Plaintiff's motion is granted to the extent that the Court will request volunteer counsel for the remainder of the proceedings, although if no such attorney steps forward, a volunteer for settlement negotiations only would be welcome. Should *pro bono* counsel appear for the limited purpose of settlement negotiations, they will not be obligated for any aspect of Plaintiff's representation beyond that purpose, and their representation will end upon completion of settlement negotiations and the filing of a Notice of Completion. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee,

however, that a volunteer attorney will take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

SO ORDERED.

Dated: July 10, 2026
White Plains, New York

CATHY SEIBEL
United States District Judge